[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2010
JOHN LEY
CLERK

No. 10-10769
Non-Argument Calendar
_____

D. C. Docket No. 1:08-cv-22117-JLK

MIRNA M. VALLE,
as Personal Representative of the Estate
of Maria E. Valle, deceased, and
Assignee of Marvin Hood, Assignor,

Plaintiff-Appellant,

versus

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois
corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 24, 2010)

Before DUBINA, Chief Judge, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Mirna M. Valle ("Valle") appeals the district court's grant of summary judgment in favor of Appellee State Farm Automobile Insurance Co. ("State Farm") on her assigned third-party bad faith insurance claim. After reviewing the record and the parties' briefs, we affirm the district court's grant of summary judgment because Valle has failed to offer any evidence from which a reasonable jury could infer that State Farm breached its duty to its insured.

## I. BACKGROUND

Maria E. Valle sustained fatal injuries as a result an automobile accident caused by Marvin Hood.[1] The accident additionally inflicted injuries on seven others, though none of those injuries were fatal. State Farm insured Marvin Hood at the time of the accident under a policy providing $20,000 in coverage per accident, with a $10,000 limit on amounts paid to any one person.

Shortly after being informed of the accident, State Farm contacted all of the potentially aggrieved parties in an effort to resolve its liability. After receiving responses from all except Maria E. Valle's family, State Farm indicated to all parties its willingness to settle for the policy's limits. It conditioned its offer on the

_____

[1] Mirna M. Valle, the Appellant, serves as the personal representative of Maria E. Valle's estate.

2

parties' agreement to a collective settlement. State Farm sent its notification a little more than one month after the accident, and the settlement conference occurred approximately two-and-a-half months later.

Valle failed to make a formal settlement demand, and State Farm made no formal settlement offer, before the conference. Valle never informed State Farm that she felt any temporal urgency to resolve her claims. At the settlement conference, the parties agreed that Valle should receive the per-person limit of $10,000 from the insurance fund and that the other parties would split the remainder. During these negotiations, Valle's counsel learned that the other injured parties had expressed a willingness to share the remainder of the policy proceeds before the settlement conference convened. As a result, Valle's counsel advised her to reject the policy-limits settlement offer because she "may wish to reserve any bad-faith claim against State Farm because of the delay in paying [her] claim."

After rejecting the settlement offer, Valle sued Hood directly in state court and received a judgment of nearly $4 million. Hood assigned his rights in any bad faith insurance claim to Valle. Valle now asserts those rights in an attempt to recover the excess of the judgment over the insurance coverage.

## II. STANDARD OF REVIEW

We review *de novo* a district court's grant of summary judgment. *Fanin v. U.S. Dep't of Veterans Affairs*, 572 F.3d 868, 871 (11th Cir. 2009).

## III. DISCUSSION

Under Florida law, indemnity insurers have a common law duty to exercise ordinary care and prudence in resolving their insured's liability. *Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 668–69 (Fla. 2004). An insurer breaches that duty when it acts in a way that unreasonably fails to mitigate or unreasonably exacerbates the insured's exposure to liability. *See Perera v. U.S. Fidelity & Guar. Co.*, 35 So. 3d 893, 904 (Fla. 2010). That failure must also result in damage to the insured via a judgment against him in excess of the insurance policy limits. *See id.*

Valle maintains the burden of producing evidence from which a jury could infer that State Farm's conduct in this case unreasonably exposed Hood, the insured, to excess liability. Our review of the evidence in this case, and the primary arguments Valle mounts from this evidence, discloses no conduct on the part of State Farm detrimental to Hood's interests.

Valle's primary argument is that State Farm should have, and could have, resolved Hood's liability to Valle sooner by tendering to her the per-person policy limit before the settlement conference. We acknowledge that, in limited

4

circumstances, an insurer's delay in settling claims on behalf of an insured can contribute to a bad faith claim. *See Powell v. Prudential Prop. & Cas. Ins. Co.*, 584 So. 2d 12, 14 (Fla. Dist. Ct. App. 1991) ("Bad faith may be inferred from a delay in settlement negotiations which is willful and without reasonable cause."). But such a willful and unreasonable delay must also increase the risk of the insured's exposure to excess liability—in other words, it must be unreasonable from the perspective of the insured, not unreasonable from the perspective of the third-party claimant. Valle has offered no evidence to demonstrate that State Farm knew or should have known that its four-and-a-half month resolution of a policy proceeds distribution in a fatal car accident case involving eight potential claimants increased Hood's exposure to excess liability.

Valle made neither a formal settlement demand to State Farm nor indicated in any way a unique urgency in the resolution of her claim. Though Florida law requires no formal settlement demand in a bad faith action, *Powell*, 584 So. 2d at 14, either a demand or an indication that extraordinarily prompt resolution was requested would indicate to State Farm that its efforts at obtaining a global settlement might increase Hood's exposure to liability. In this case, Valle conduct indicated the opposite—she agreed to participate and did participate in the collective settlement negotiations right up until the moment she rejected State

Farm's policy-limits offer.

Valle's counsel has concisely explained that he advised rejecting State Farm's offer in an effort to create grounds for a bad faith claim. We can find no Florida case law permitting a third-party claimant to participate in settlement negotiations, reject a policy-limits settlement offer, claim post-hoc that the offer was untimely, and prevail in a bad faith action against the insurer. If any fiduciary in this case acted to the detriment of its client's interests, it was not State Farm.

## IV. CONCLUSION

Valle has offered no evidence in this case to indicate that State Farm's conduct unreasonably exposed Hood to a judgment in excess of his insurance coverage. As a result, Valle's claim, via assignment from Hood, must fail as a matter of law. Accordingly, we affirm the district court's grant of summary judgment in favor of State Farm.

**AFFIRMED.**